UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALACHI SCURRY, | ) | CASE NO. 5:25 CV 1036 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Malachi Scurry, an inmate in USP Terre Haute brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his 2019 conviction in this District Court on charges of being a Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2), and Assaulting, Resisting, or Impeding an Officer in violation of 18 U.S.C. § 111(a)(1). *See United States of America v. Scurry*, No. 5:19-cr-00137 (N.D. Ohio Oct. 17. 2019)(Adams, J.). It is the latter charge with which Petitioner takes issue. Specifically, Petitioner asserts that the government failed to present sufficient evidence that he assaulted an officer. He asserts a claim of "false verdict due to lack of judgment." (Doc. No. 1 at PageID #:1).

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254

Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). For the following reasons, the petition is dismissed.

A federal prisoner must challenge the legality of his conviction or sentence by filing a motion to vacate conviction under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).  A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).  Petitioner is clearly challenging the legality of his conviction.  He cannot do so in a §2241 petition.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.


Date: July 3, 2025

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE